**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SHAWN BARMORE**,

        Petitioner,

v.                                                 Civil Action No. 3:06cv34
                                                        (Judge Bailey)

**AL HAYNES, Warden,**

        Respondent.

**OPINION/REPORT AND RECOMMENDATION**

The *pro se* petitioner initiated this case on April 6, 2006, by filing an application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is currently serving a 101-month federal sentence imposed in this Court. See 2:01cr22(1). In the petition, the petitioner challenges the computation of his sentence by the Bureau of Prisons ("BOP").

## I. Factual and Procedural History

The petitioner was arrested in Mineral County, West Virginia on September 10, 2000, and released the same day. On February 24, 2001, the petitioner was arrested by Mineral County and held in continuous custody. On May 9, 2001, the petitioner pleaded guilty in the Circuit Court of Mineral County to one count of Possession of Controlled Substances with the Intent to Deliver. Petitioner was sentenced to 1-15 years, an effective sentence date of February 24, 2001.

Pursuant to writ, on October 9, 2001, the United States Marshal Service ("USMS") took custody of the petitioner to answer federal charges. On December 12, 2001, the petitioner pleaded guilty in this Court to distributing crack cocaine and aiding and abetting in the distribution of crack cocaine. On March 8, 2002, the petitioner was sentenced to 101 months imprisonment (108 months

with a 7 month reduction pursuant to U.S.S.G. § 5G1.3(g)).[1] Petitioners' federal sentence was ordered to run concurrent to the state sentence that he was then serving. On March 27, 2002, the petitioner was returned to state custody to continue service of his state sentence.

On March 24, 2003, the petitioner was paroled from his state sentence and designated to the Federal Correctional Institution in Cumberland, Maryland for service of the remainder of his federal sentence. The Bureau of Prisons has computed the petitioner's sentence as follows:

    (1) the petitioner's federal sentence commenced on the day it was imposed – March 8, 2002;

    (2) because of the concurrent nature of his federal sentence, the petitioner has received credit on his federal sentence for all time served, whether in state or federal custody, since March 8, 2002; and

    (3) one day credit for September 10, 2002, because that time has not been credited to any

---

[1] U.S.S.G. § 5G1.3 (2001) provides:

**5G1.3 Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**
    (a)    If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
    (b)    If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
    (c)    (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Moreover, Application Note 2 to § 5G1.3 provides:

    <u>Adjusted concurrent sentence - subsection (b) cases.</u> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. . .

other sentence.

In his petition, the petitioner seeks additional credit for the time spent in the custody of the United States Marshal for the time period between October 9, 2001, and March 8, 2002.

## II. **Analysis**

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). In this case, the petitioner argues that the BOP has failed to award him the appropriate amount of pre-sentence custody credit. Specifically, the petitioner alleges that he is entitled to credit for the time spent in the custody of the USMS while out on writ from this state sentence. Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this instance, the petitioner was taken into federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum. Therefore, the petitioner was "borrowed" from the state of West Virginia only for the purposes of making a plea and for sentencing. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). The State

of West Virginia retained primary jurisdiction over the petitioner during this time and credited his state sentences accordingly. Id. After the petitioner's federal sentencing, he was returned to the state of West Virginia to serve the remainder of his state sentence. Thus, during the period in question, the petitioner was in official detention pursuant to his state court conviction, not as a result of his federal offense, and that time has already been awarded to the petitioner's state sentence.

Nonetheless, at sentencing, the district Judge adjusted the petitioner's federal sentence to account for time served pursuant to U.S.S.G. § 5G1.3. Moreover, after receiving his concurrent federal sentence, the BOP designated the Division of Corrections for service of the petitioner's federal sentence *nunc pro tunc* to March 8, 2002. See Memorandum (Dckt. 8-2) at 7. Accordingly, the time the petitioner spent serving his state sentence was fully considered by the district judge and factored into the petitioner's sentence. Additionally, because of the concurrent nature of his federal sentence, the BOP has awarded the petitioner credit toward his federal sentence for the time spent in state custody after the date on which it was imposed. See 18 U.S.C. 3585(a) ("[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served."); see also United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) (when a prisoner is produced for prosecution in federal court pursuant to writ, the state retains primary jurisdiction, and federal custody commences only when the state authorities relinquish the prisoner from his state obligation); United States v. Flores, 616 F.2d 840 (5th Cir. 1980) (the earliest date a federal sentence can commence is the date it is imposed, even if made concurrent with a sentence already being served). Therefore, the petitioner's sentence has been properly computed and the petitioner is not entitled to relief under § 2241.

### III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's § 2241 habeas petition be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 18, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE