# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**SHAWN BARMORE,**

      Petitioner,

v.                                         **CIVIL ACTION NO. 3:06-CV-34**
                                                **(BAILEY)**

**AL HAYNES,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on October 18, 2007 [Doc. 22]. In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice petitioner's application under 28 U.S.C. § 2241 [Doc. 1].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due November 1, 2007 [Doc. 22], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket shows Mr. Barmore accepted service of the R & R on October 19, 2007. Neither party filed objections to the R & R. Accordingly, this Court will review the report and recommendation for clear error.

In this case, the petitioner challenges the computation of his sentence by the Bureau of Prisons ("BOP"). Petitioner was sentenced on March 8, 2002, to a term of imprisonment of 101 months. The petitioner was concurrently serving time on state charges, and was given full credit for the federal time served while in state custody. In his petition, he also seeks additional credit for time spent in the United States Marshal's custody from October 9, 2001, and March 8, 2002, while he was awaiting his sentencing. Specifically, the petitioner alleges that he is entitled to credit for the time spent while out on writ from the state sentence. However, because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585. Under that section, petitioner does not receive credit for that time because he was in official detention pursuant to his state court conviction, not as a result of his federal offense, and thus, that time had already been awarded to the petitioner's state sentence. Therefore, upon careful review of the R & R, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Doc. 22] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Court hereby **DISMISSES with prejudice** the petitioner's application under 28 U.S.C. § 2241 [Doc. 1] and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to mail true copies of this Order to all counsel of record and the *pro se* petitioner.

**DATED:** November 9, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE